■ LARISA KILIMNIK et al., Respondents, v MIRAGE REST., INC., Doing Business as MIRAGE RESTAURANT, Defendant, and LOCON REALTY CORP., Appellant. (And a Third-Party Action.) [635 NYS2d 702] —In an action to recover damages for personal injuries, etc., the defendant Locon Realty Corp. appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 28, 1994, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the defendant Locon Realty Corp.'s motion for summary judgment is granted, and the complaint is dismissed insofar as it is asserted against it, and the action against the remaining defendant is severed.

On July 5, 1988, the plaintiff Larisa Kilimnik sustained injuries when she slipped and fell while walking to the dance floor at the premises of the third-party defendant Miracle Restaurant Corp. (hereinafter Miracle Restaurant), located in Brooklyn. At the time the defendant Locon Realty Corp. (hereinafter Locon) leased the premises to Miracle Restaurant. Thereafter, Larisa Kilimnik and her husband, the plaintiff Gregory Kilimnik, brought the present action against, inter alia, Locon, as owner of the building. The injured plaintiff alleged that she slipped and fell on a wet surface and/or a metal strip which held down carpeting which bordered the dance floor.

Locon moved for summary judgment, establishing that it

was not responsible for the maintenance and repair of the leased premises. In opposition, the plaintiffs asserted that Locon, which reserved the right to enter the premises to inspect and repair the premises, could be held liable for the injured plaintiff's injuries because of an alleged violation of the Administrative Code of the City of New York § 27-128. Locon's motion was denied, and it appeals. We reverse.

In the absence of a statutory duty, Locon's mere reservation of the right to enter the leased premises to inspect and repair was insufficient to give rise to liability for a subsequently arising dangerous condition *(Aprea v Carol Mgt. Corp.,* 190 AD2d 838). In this case, the plaintiffs have failed to allege a violation by Locon of any specific statutory provision sufficient to impose liability *(see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Aprea v Carol Mgt. Corp., supra; Manning v New York Tel. Co.,* 157 AD2d 264, 269-270). Nor was the defect alleged here structural in nature so that liability would be imposed under the Administrative Code *(cf., Gantz v Kurz,* 203 AD2d 240). Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.