■ EMILY DEEBS, Appellant, v RICH-MAR REALTY ASSOCIATES et al., Respondents. [670 NYS2d 16] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about October 18, 1996, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this personal injury action in which plaintiff claims she fell at her place of employment because of a crack in a step, it is undisputed that defendants, the out-of-possession owners of the leased building, never had actual notice of the alleged crack, and that their lease with the tenant, who is plaintiff's employer, specifically makes maintenance and repair of the building the responsibility of the tenant at its sole expense. While "constructive notice may be found where an out-of-possession landlord reserves a right under the terms of the lease to enter the premises for the purpose of inspection and maintenance or repair and a specific statutory violation exists" (*Velazquez v Tyler Graphics*, 214 AD2d 489, citing, *inter alia*, *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566), the right of access alone is insufficient to impose liability. In addition, plaintiff had to establish by competent evidence that the cracked step was "a significant structural or design defect" involving a specific building code violation that defendant had an opportunity to discover and cure, and not a mere maintenance problem that was the tenant's responsibility to repair (*supra,* at 489; *see also, Manning v New York Tel. Co.*, 157 AD2d 264, 270). The only possibly viable Administrative Code of the City of New York section relied upon by plaintiff to impose liability is section 27-375, which concerns "Interior stairs", and which plaintiff claims was violated by defendants

because there were no handrails on the stairway of the step on which she fell. However, plaintiff is not claiming that her injury resulted from the lack of a handrail on the stairway, but rather from a crack in a step, and thus that section, which is silent concerning cracks in steps, is inapplicable. We would also note that plaintiff has presented no proof in admissible form of any such handrail violation. Concur—Sullivan, J. P., Milonas, Rubin and Tom, JJ.