■ NANCY ORTIZ et al., Appellants, v RVC REALTY Co. et al., Respondents. [677 NYS2d 598] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Alpert, J.), dated September 24, 1997, which granted the defendants' motion for

summary judgment dismissing the complaint, and (2) an order of the same court, dated March 16, 1998, which denied their motion, in effect, for reargument.

Ordered that the appeal from the order dated March 16, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 24, 1997, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff Nancy Ortiz allegedly sustained physical injuries when she tripped and fell over improperly-carpeted stairs on premises owned by the defendant RVC Realty Co. and leased to All Island Lease A Car, Inc., an affiliate of her employer. An out-of-possession landlord is not liable for injuries sustained by third parties on the leased premises after possession has been transferred to the tenant, unless the landlord has covenanted to maintain or repair the premises (see, Putnam v Stout, 38 NY2d 607, 618; Felder v Wank, 227 AD2d 442; Bettis v County of Nassau, 212 AD2d 749). Furthermore, in the absence of a duty imposed by statute, a landlord's mere reservation of a right to enter a leased premises to make repairs is insufficient to give rise to liability for a subsequently-arising dangerous condition (see, Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559; Chrisostomides v Berjas Realty Co., 231 AD2d 601, 602; Aprea v Carol Mgt. Corp., 190 AD2d 838).

In support of their motion for summary judgment, the defendants established that under the subject lease the landlord had no duty to maintain or repair the premises. In an attempt to defeat the defendants' motion for summary judgment, the plaintiffs argued that the demised premises were in violation of the Code of the Village of Hempstead and that the landlord had reserved a right to reenter the premises and make repairs. However, the provisions of the Village of Hempstead Code § 78-7, upon which the plaintiffs rely, are nonspecific and reflect only the general duty to maintain the premises. As such, the landlord cannot be held liable (see, Caiazzo v Angelone, 236 AD2d 351; DiRende v Cipollaro, 234 AD2d 78; Kilimnik v Mirage Rest., 223 AD2d 530; Henderson v Hickory Pit Rest., 221 AD2d 161; Levy v Daitz, 196 AD2d 454; Aprea v Carol Mgt. Corp., supra; Manning v New York Tel. Co., 157 AD2d 264). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.