■ THEODORE FUCILE, Appellant, v GRAND UNION COMPANY, INC., et al., Respondents. [705 NYS2d 377] —In an action, *inter alia*, to recover damages for negligence, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 8, 1998, as granted those branches of the defendants' motion which were for summary judgment dismissing the first through eighth causes of action in the complaint, (2) from an order of the same court, entered December 17, 1998, which, among other things, upon granting the defendants' cross motion for reargument and renewal, dismissed the remaining causes of action in the complaint, and (3) from a judgment of the same court, entered January 5, 1999, which, in effect, dismissed the complaint.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff was working late at night in a grocery store when he was attacked and injured by robbers. He commenced this action against his employer, Grand Union Company, Inc. (hereinafter Grand Union), his supervisor, Kenneth Sansone, and the owner of the premises, Broadriver, Inc. (hereinafter Broadriver), to recover damages for negligence, unlawful imprisonment, and intentional infliction of emotional distress. The gravamen of the plaintiff's complaint is that he was prevented from escaping from the robbers because the doors to the store were locked, and he was not provided with a key.

The Supreme Court properly dismissed the causes of action against Broadriver, an out-of-possession landlord. Broadriver did not retain control over the premises, nor was it contractually obligated pursuant to its lease with Grand Union to repair or maintain the premises (*see, Stark v Port Auth.,* 224 AD2d 681). "Reservation of the right to enter the premises for the purpose of inspection and repair may constitute sufficient retention of control to permit a finding that the landlord had constructive notice of a defective condition provided a specific statutory violation exists and there is a significant structural or design defect" (*Stark v Port Auth., supra,* at 682; *see, Guz-*

*man v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559; *Velazquez v Tyler Graphics*, 214 AD2d 489). The plaintiff failed to establish the existence of a significant structural or design defect that was contrary to a specific statutory provision.

The plaintiff acknowledged that he received Workers' Compensation benefits due to injuries received in the incident. Accordingly, the Supreme Court properly dismissed the negligence causes of action against Grand Union and Sansone as barred by the exclusivity provision of the Workers' Compensation Law (*see,* Workers' Compensation Law § 29 [6]; *Werner v State of New York*, 53 NY2d 346; *Talcove v Buckeye Pipe Line Co.*, 247 AD2d 464; *Gagliardi v Trapp*, 221 AD2d 315).

While an intentional tort may give rise to a cause of action outside the ambit of the Workers' Compensation Law, the complaint must allege "an intentional or deliberate act by the employer directed at causing harm to this particular employee" (*Mylroie v GAF Corp.*, 81 AD2d 994, 995, *affd* 55 NY2d 893; *see also, Gagliardi v Trapp, supra*). The plaintiff's allegations failed to establish the elements of an intentional tort so as to fall under this exception to the exclusivity provision of the Workers' Compensation Law (*see, Edgarian v Boxart*, 237 AD2d 484; *Gagliardi v Trapp, supra*).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.