■ Valsamma T. Thomas et al., Respondents, v Fairfield Investors et al., Appellants, et al., Defendant. [709 NYS2d 180] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered October 4, 1999, which denied the motion of defendants Fairfield Investors and Ben Spaiser for summary judgment dismissing the complaint and all cross claims against these defendants, unanimously reversed, on the law, without costs, the motion granted and the complaint and all cross claims against these defendants dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint and all cross claims as against them.

Plaintiff, a nurse at Riverdale Nursing Home, allegedly sustained injuries when an oxygen cart tipped over as she was attempting to lift it over a metal strip that was placed across the width of a doorway between two carpeted areas. Plaintiff stated at her deposition that the metal strip had been on the floor for a long time, and that she had complained to her supervisor about it prior to her accident. She also said that she had never heard of defendants Fairfield or Ben Spaiser until after the accident.

The partnership defendant, Fairfield Investors (Fairfield), owned the Nursing Home at the time of plaintiff's accident. Defendant Ben Spaiser is the Fairfield partner who managed the investment. At his deposition, Mr. Spaiser testified that Fairfield had never operated or controlled the Nursing Home, and never participated in any maintenance or repairs. Nor did it exercise its right of reentry under the terms of the original 1958 lease. Mr. Spaiser further testified that sometime around 1988, the Nursing Home renovated the building, but that the defendants did not oversee the renovation and did not know what contractors were used.

As an out-of-possession landlord, Fairfield and Mr. Spaiser were entitled to summary judgment dismissing the complaint as against them. The lease, as amended in 1987, specifically placed responsibility for everyday maintenance and repairs on the Nursing Home tenants, and there was no showing that Fairfield retained control over the Nursing Home or its operation.

Generally, an out-of-possession landlord is not responsible for correcting defective conditions unless they are significant structural failures or specific statutory violations (*Quinones v 27 Third City King Rest.*, 198 AD2d 23). The specific hazard present here, a metal strip holding carpeting down, has been held not to constitute a structural defect (*Kilimnik v Mirage Rest.*, 223 AD2d 530).

Further, plaintiff having failed to raise its contentions that defendants are liable based upon violations of certain provisions of the Administrative Code of the City of New York (§§ 27-127, 27-128, 27-369) governing building maintenance and obstruction of corridors and of the State Hospital Code (10 NYCRR 711.5) governing construction and maintenance of nursing homes, they are unpreserved for review (*see, Raynor v 666 Fifth Ave. Ltd. Partnership*, 232 AD2d 226; *Dufficy v Wharf Bar & Grill*, 217 AD2d 646).

In sum, the record indicates no basis for holding defendants-appellants liable as they did not have any actual or constructive notice of the alleged defect nor did they consent to be responsible for its repair (*see, Bentivegna v Investment Props. Assocs.*, 180 AD2d 500 [complaints to manager not imputed to the landlord]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.