■ DAVID GALLO, Respondent, v APOLLON CITY CORP., Appellant. (And a Third-Party Action.) [718 NYS2d 621] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Dye, J.), dated October 25, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, an employee of the third-party defendant Prime Care Medical Supplies, Inc. (hereinafter Prime Care), commenced this action to recover damages for injuries sustained when he fell from a storage loft in a warehouse leased by Prime Care and owned by the defendant Apollon City Corp. (hereinafter Apollon). Under the terms of the lease, Prime Care was responsible for maintaining the "demised premises." Prime Care constructed the storage loft in question without consulting Apollon. After depositions were held, Apollon moved for summary judgment on the ground that it was an out-of-possession landlord who exercised no control over the demised premises.

The Supreme Court erred in denying Apollon's motion for summary judgment. An out-of-possession landlord owes no duty to maintain and make repairs upon demised premises unless it retains control of the property or is contractually obli-

gated to perform such maintenance and repairs (*see, Putnam v Stout,* 38 NY2d 607; *Santiago v Gartenberg,* 178 AD2d 640). In this case, Apollon submitted evidentiary proof that it exercised no control over the demised premises and was not contractually obligated to maintain those premises. The plaintiff's opposition papers failed to raise a triable issue of fact to defeat Apollon's prima facie showing of its entitlement to summary judgment. Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.