■ KATHERINE ANGWIN, Respondent, v SRF PARTNERSHIP, L.P., Appellant, WELLS FARGO ALARM SERVICES, INC., Respondent, et al., Defendants. (And a Third-Party Action.) [728 NYS2d 98] —In an action to recover damages for personal injuries, the defendant SRF Partnership, L.P., appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated March 2, 2000, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff, Katherine Angwin, allegedly was injured at her workplace when a magnetic lock mounted above a door frame fell and struck her on the head. At the time of the accident, the plaintiff was employed by Kinray, Inc. (hereinafter Kinray), and worked in a building leased by Kinray from the appellant. The magnetic lock was part of an alarm system installed at the premises by the defendant Wells Fargo Alarm Services, Inc. (hereinafter Wells Fargo), and its subcontractor, the defendant Infinite Access & Locksmith (hereinafter Infinite). Under the terms of a lease between Kinray and the appellant, Kinray was required to make all structural and nonstructural repairs to the leased premises. However, the appellant reserved the right to enter the premises to inspect and make any repairs it deemed necessary.

The plaintiff commenced this action against, among others, the appellant, Wells Fargo, and Infinite. The appellant subsequently moved for, among other relief, summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it could not be held liable since it was an out-of-possession landlord and it had no notice that the magnetic lock was loose. The Supreme Court denied that branch of the motion because the appellant retained the right to enter and repair the premises, and because the presi-

dent of the appellant's general partner worked in the premises. We reverse.

Generally, an out-of-possession landlord is not liable for injuries sustained at the leased premises unless it is contractually obligated to maintain or repair the premises (*see, Putnam v Stout,* 38 NY2d 607, 618; *Ortiz v RVC Realty Co.,* 253 AD2d 802; *Stark v Port Auth.,* 224 AD2d 681). Furthermore, in the absence of a statutory duty, a landlord's mere reservation of a right to enter leased premises to make repairs is insufficient to give rise to liability for a subsequently-arising dangerous condition (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Ortiz v RVC Realty Co., supra*). Although reservation of a right to enter may constitute sufficient retention of control to permit a finding that the landlord had constructive notice of a dangerous condition which constitutes a violation of a statutory duty, this exception applies where there is a significant structural or design defect (*see, Thomas v Fairfield Investors,* 273 AD2d 118; *Fucile v Grand Union Co.,* 270 AD2d 227; *Stark v Port Auth., supra; Kilimnik v Mirage Rest.,* 223 AD2d 530). Here, the allegedly dangerous condition which caused the plaintiff's injuries, an improperly secured magnetic lock which had been mounted above a door frame for an alarm system, is not a significant structural defect for which an out-of-possession landlord can be held liable (*see, Morrone v Chelnik Parking Corp.,* 268 AD2d 268; *Kilimnik v Mirage Rest., supra; cf., Gantz v Kurz,* 203 AD2d 240). Accordingly, that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted. Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.