■ MARIYA POPOVSKAYA et al., Appellants-Respondents, v KINGS DELIGHTS, INC., Respondent-Appellant, and YONG KI KIM, et al., Respondents. [733 NYS2d 209] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 26, 2000, as granted the motion of the defendants Yong Ki Kim and Gi Sum Kim for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion for leave to file a supplemental bill of particulars, and the defendant Kings Delights, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the defendants Yong Ki Kim and Gi Sum Kim, payable by the plaintiffs.

The injured plaintiff tripped and fell over a cable laying on the sidewalk which allegedly extended from an open sidewalk vault. The sidewalk vault was part of the property owned by the defendant landlords Yong Ki Kim and Gi Sum Kim (hereinafter the landlords) and in possession of the tenant store owner, the defendant Kings Delights, Inc. (hereinafter Kings Delights).

Although the landlords were out-of-possession owners with the right to enter the property for repairs and inspections, the mere reservation of a right to enter leased premises to make repairs, in the absence of a duty imposed by statute, is insufficient to give rise to liability for a subsequently arising dangerous condition (*see, Ortiz v RVC Realty Co.,* 253 AD2d 802; *Aprea v Carol Mgt. Corp.,* 190 AD2d 838). Here, the plaintiffs did not allege a violation of any statutory provision sufficient to impose liability upon the landlords. Therefore, the Supreme Court correctly granted the landlords' motion for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court correctly denied the motion of Kings Delights for summary judgment, as there is an issue of fact as to whether that defendant created or had notice of the alleged transitory condition (*see, Williams v Southland Corp.,* 204 AD2d 717; *cf., Caires v Southland Corp.,* 247 AD2d 572). The plaintiffs' deposition testimony established that after the accident, a man walked out of the Kings Delights store, picked up the cable and took it into the store. Further, the deposition testimony of the owner of Kings Delights established that it controlled the area surrounding the sidewalk vault and was responsible for maintaining the front portion of the sidewalk, pursuant to the terms of the lease.

The plaintiffs' cross motion for leave to file a supplemental bill of particulars, which alleged specific violations of the Administrative Code of the City of New York, was properly denied, as those provisions are inapplicable to this case (*see, Bonnen v Chin Hua Chiang,* 272 AD2d 357).

The parties' remaining contentions are without merit. Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.