■ GREGORIO JAVIER, Respondent, v JOHN B. LUDIN et al., Defendants and Third-Party Plaintiffs-Appellants. J.N. APPAREL, Third-Party Defendant-Respondent. [739 NYS2d 462] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Barron, J.), dated December 1, 2000, which denied their motion for summary judgment dismissing the complaint or, in the alternative, for summary judgment on the third-party complaint.

Ordered that the order is reversed, on the law, with costs payable by the plaintiff-respondent, that branch of the motion which was for summary judgment dismissing the complaint is granted, and the complaint is dismissed.

The plaintiff, an employee of a clothing manufacturer, sustained injuries when he lifted a large reel of cloth over his head and struck an uncovered fluorescent light fixture hanging from the ceiling, causing a bulb to fall and strike him. He commenced this action against the appellants, the owners of the premises, alleging that the lack of a cover on the light rendered it defective. The appellants commenced a third-party action against the plaintiff's employer, the tenant of the premises. The appellants moved, inter alia, for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse and grant that branch of the motion which was for summary judgment dismissing the complaint.

The appellants established their prima facie entitlement to summary judgment dismissing the complaint. The evidence in the record, including the lease, clearly established that although they had the right to reenter, they were out-of-possession landlords with no statutory duty to repair the allegedly defective light fixture, and that the injuries were not caused by a significant structural defect (*see Angwin v SRF Partnership,* 285 AD2d 570; *Fucile v Grand Union Co.,* 270 AD2d 227; *Sylfa v Stupnick,* 239 AD2d 570; *Stark v Port Auth.*

*of N.Y. & N.J.,* 224 AD2d 681; *Kilimnik v Mirage Rest.,* 223 AD2d 530). Since the plaintiff failed to raise a triable issue of fact in opposition to the motion, the appellants are entitled to summary judgment dismissing the complaint. Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.