■ IRINA BELOTSERKOVSKAYA, Respondent, v CAFÉ "NATALIE," Defendant, and ABDULLAH ALSAYDI, Appellant. (And a Third-Party Action.) [752 NYS2d 554] —In an action to recover damages for personal injuries, the defendant Abdullah Alsaydi appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Schneier, J.), dated May 16, 2002, which, inter alia, denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified by deleting the provision thereof denying the motion and substituting therefor a provision granting the motion; as so modified the order is affirmed insofar as appealed from, on the law, with costs, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff tripped and fell as she walked over an allegedly defective door saddle on premises owned by the appellant and leased to the third-party defendants, who operated a restaurant at the location known as Café "Natalie."

Although the appellant was an out-of-possession owner who

retained the right to reenter the premises. for repairs and inspections, he cannot be held liable under a theory of constructive notice in the absence of a "significant structural or design defect that is contrary to a specific statutory safety provision" (*Johnson v Urena Serv. Ctr.,* 227 AD2d 325, 326; *see Jackson v United States Tennis Assn.,* 294 AD2d 470).

The plaintiff failed to allege a violation of any specific statutory provision (*see Caiazzo v Angelone,* 236 AD2d 351; *Deebs v Rich-Mar Realty Assoc.,* 248 AD2d 185) and in any event, did not establish that the defect was structural in nature (*see Kilimnik v Mirage Rest.,* 223 AD2d 530).

In light of our determination, the appellant's remaining contention is academic. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.