■ IRIS NUNEZ et al., Appellants, v ALFRED BLEYER & Co., INC., Doing Business as ALMAR GROUP, INC., Also Known as BLEYER REALTY CORP., Respondent. [757 NYS2d 798] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Golia, J.), dated March 27, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In the absence of a duty imposed by statute, an out-of-possession landlord's reservation of a right to enter a leased premises to make repairs is insufficient to give rise to liability for a subsequently arising dangerous condition (*see Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559 [1987]; *Angwin v SRF Partnership,* 285 AD2d 570 [2001]; *Ortiz v RVC Realty Co.,* 253 AD2d 802 [1998]). Although reservation of a right of entry may constitute sufficient retention of control to impose liability upon an out-of-possession landlord for injuries caused by a dangerous condition which constitutes a violation of a duty imposed by statute, this exception applies only where "a specific statutory violation exists and there is a significant structural or design defect" (*Fucile v Grand Union Co.,* 270 AD2d 227 [2000]; *see also Belotserkovskaya v Café "Natalie,"* 300 AD2d 521 [2002]; *Eckers v Suede,* 294 AD2d 533 [2002]; *Stark v Port Auth. of N.Y. & N.J.,* 224 AD2d 681 [1996]). Here, the alleged window defect which caused the accident was not a significant structural defect (*see Javier v Ludin,* 293 AD2d 448 [2002]; *Angwin v SRF Partnership, supra*; *Belotserkovskaya v Café "Natalie," supra*; *Kilimnik v Mirage Rest.,* 223 AD2d 530 [1996]), and the plaintiffs have not alleged a violation of any specific statutory safety provision (*see Ahmad v City of New York,* 298 AD2d 473 [2002]; *Taylor v Park Towers S. Co.,* 293 AD2d 668 [2002]; *Kilimnik v Mirage Rest., supra*; *Ortiz v RVC Realty Co., supra*). Accordingly, the Supreme Court properly granted the defendant landlord's motion for summary judgment dismissing the complaint. Ritter, J.P., S. Miller, Goldstein and Schmidt, JJ., concur.