■ NELSA GARNER et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [775 NYS2d 335]—

In an action to recover damages for personal injuries, etc., the defendants City of New York and New York City Health and Hospitals Corporation appeal, as limited by their brief, and the defendant Barry Beil and the defendant Jay Velasquez separately appeal, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated November 13, 2002, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Sheldon Beil and Herbert Natiss separately appeal from so much of the same order as denied their cross motion for summary

judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof denying the motion of the defendants City of New York and New York City Health and Hospitals Corporation, the separate motion the defendant Barry Beil, the cross motion, and substituting therefor provisions granting those motions and the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants City of New York, New York City Health and Hospitals Corporation, Barry Beil, Sheldon Beil, and Herbert Natiss, the complaint is dismissed insofar as asserted against the defendants City of New York, New York City Health and Hospitals Corporation, and Barry Beil, the complaint and all cross claims are dismissed insofar as asserted against the defendants Sheldon Beil and Herbert Natiss, and the action against the remaining defendants is severed.

The infant plaintiff, Nelsa Garner, allegedly sustained severe injuries during a near drowning incident at a private beach (hereinafter the premises) owned by the defendants Barry Beil, Sheldon Beil, and Herbert Natiss (hereinafter the landowners) and leased to the defendant Jay Velasquez. The plaintiffs alleged, inter alia, that a proximate cause of their damages was a dangerous and defective condition in the water adjacent to the beach arising from, inter alia, a steep drop-off and unusually strong and hazardous currents. They further alleged that the condition was not apparent and no signs were posted warning of the same. The plaintiffs commenced this action against, among others, the landowners, Velasquez, the City of New York (hereinafter the City), which owned and operated a public beach adjacent to the premises, and the New York City Health and Hospitals Corporation (hereinafter the HHC), which allegedly failed to timely dispatch an ambulance to the scene. Each of these defendants sought summary judgment dismissing the complaint insofar as asserted against them, and the defendants Sheldon Beil and Herbert Natiss additionally sought summary judgment dismissing all cross claims insofar as against them. The Supreme Court denied such relief. We modify.

As a mere adjacent property owner, the City had no duty to warn of or remedy a dangerous and defective condition existing on the premises unless it caused or contributed to the condition (*see Galindo v Town of Clarkstown,* 305 AD2d 538 [2003]; *Gehler v City of New York,* 261 AD2d 506 [1999]; *Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486 [1994]). Here, in opposition to the City's prima facie demonstration of entitlement to

judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that the City's alleged negligence in maintaining a bulkhead near the premises caused or contributed to the alleged dangerous and defective condition at issue. The expert affidavits proffered by the plaintiffs were insufficient to raise a triable issue of fact as to the condition of the bulkhead at the time in question and what effect, if any, it had on the alleged dangerous condition at that time.

Further, the complaint should have been dismissed insofar as asserted against the HHC. It is well settled that a municipality is immune from negligence claims arising out of the performance of its governmental functions unless the injured person establishes a special relationship with the municipality which would create a special duty of protection with respect to that individual (*see Apostolakis v Centereach Fire Dist.,* 300 AD2d 516 [2002]; *Gonzalez v County of Suffolk,* 228 AD2d 411 [1996]). Here, in opposition to HHC's prima facie demonstration of entitlement to judgment as matter of law, the plaintiffs failed to raise a triable issue of fact that such a special relationship existed. Indeed, there is no evidence in the record that an ambulance was called and failed to respond in a timely manner, or that such an alleged failure was a proximate cause of the injuries at issue.

In addition, the complaint and, where relevant, all cross claims against the landowners, should have been dismissed. In general, an out-of-possession owner is not liable for personal injuries sustained on property unless the owner retains control of the property or is contractually obligated to repair or maintain the property (*see Putnam v Stout,* 38 NY2d 607 [1976]; *Thompson v Port Auth. of N.Y. & N.J.,* 305 AD2d 581 [2003]; *Dominguez v Food City Mkts.,* 303 AD2d 618 [2003]; *Javier v Ludin,* 293 AD2d 448 [2002]; *Ortiz v RVC Realty Co.,* 253 AD2d 802 [1998]). Here, in opposition to the landowners' prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the landowners either controlled the premises or had a contractual obligation to maintain or repair the premises, or whether liability may be imposed upon the landowners based on their reservation of the right to enter the premises for inspection and repair (*see Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559 [1987]; *Thompson v Port Auth. of N.Y., supra; Nunez v Bleyer & Co.,* 304 AD2d 734 [2003]; *Javier v Ludin, supra; Ortiz v RVC Realty Co., supra; Hepburn v Getty Petroleum Corp.,* 258 AD2d 504 [1999]).

The motion of Velasquez for summary judgment dismissing

the complaint insofar as asserted against him was properly denied. In support of his motion, Velasquez relied on the arguments made by his codefendants. However, he is not similarly situated to such defendants. On the record presented, there are questions of fact as to whether he breached his duty of reasonable care to maintain the leased property in a safe condition (*see Basso v Miller,* 40 NY2d 233 [1976]; *Sullivan v Specialty Glass Corp.,* 229 AD2d 572 [1996]; *see also Herman v State of New York,* 63 NY2d 822 [1984]; *Preston v State of New York,* 59 NY2d 997 [1983]; *Warren v Town of Hempstead,* 246 AD2d 536 [1998]). Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.