■ ISAAC BROCKINGTON et al., Appellants, v BROOKFIELD DEVELOPMENT CORPORATION, Respondent. [798 NYS2d 147]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), entered June 18, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Isaac Brockington, then an employee of Federal Express Corporation (hereinafter the employer), allegedly sustained injuries when a truck operated by a coworker pinned him against a conveyor belt inside a warehouse facility leased to the employer by the defendant. The plaintiffs allege that the accident was proximately caused by a defect in the design of the facility, namely the failure to install wheel stops or similar protective devices near conveyor belts to prevent trucks from backing into workers during unloading operations.

Assuming that the alleged defect was a proximate cause of the accident, the defendant, an out-of-possession landlord, nevertheless established its prima facie entitlement to judgment as a matter of law. Under the terms of the lease, the defendant's only maintenance obligation pertained to the structure of the building, and it had a right to access the premises to perform structural repairs. The injured plaintiff's employer, as tenant, was responsible for maintaining the interior of the warehouse, where the accident occurred. Moreover, the defendant established that it performed no renovation work at the warehouse

prior to the commencement of the lease term; rather, such work was performed entirely by the plaintiff's employer. Because the alleged defect in this case did not involve the structure of the building, but rather the interior design of the building's workspace, over which the injured plaintiff's employer exercised exclusive control, the defendant established its prima facie entitlement to the relief sought (*see Seney v Kee Assoc.,* 15 AD3d 383 [2005]; *Sauer v Mannino,* 309 AD2d 1053 [2003]; *Gallo v Apollon City Corp.,* 278 AD2d 363 [2000]). The plaintiffs, in opposition, failed to raise a triable issue of fact.

The plaintiffs' remaining contention is without merit. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.