■ MOSHE REICHBERG et al., Respondents, v HIRSCH LEMEL et al., Appellants. [814 NYS2d 712]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated May 18, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs allegedly sustained personal injuries and property damage as a result of a fire in the defendants' building, where they rented an apartment. The fire department determined that the fire originated in the basement apartment and

was caused by contact between combustible bedding and a halogen lamp. The basement apartment tenants, who owned the lamp, are not parties to this action.

An out-of-possession landlord is not liable for injuries that occur on the premises after the transfer of possession and control to a tenant unless the landlord (1) is contractually obligated to repair the premises or (2) has reserved the right to enter the premises to make repairs, and liability is based on a significant structural or design defect that violates a specific statutory safety provision (*see Sangiorgio v Ace Towing & Recovery,* 13 AD3d 433, 433-434 [2004]; *Richardson v Yasuda Bank & Trust Co. (USA),* 5 AD3d 458, 459 [2004]; *Nunez v Alfred Bleyer & Co.,* 304 AD2d 734 [2003]; *Angwin v SRF Partnership,* 285 AD2d 570, 571 [2001]). Here, since the cause of the fire did not involve the structure of the building, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint (*see Brockington v Brookfield Dev. Corp.,* 20 AD3d 382 [2005]; *Seney v Kee Assoc.,* 15 AD3d 383 [2005]; *Sangiorgio v Ace Towing & Recovery, supra; Nunez v Alfred Bleyer & Co., supra; Hausmann v UMK, Inc.,* 296 AD2d 336 [2002]; *Angwin v SRF Partnership, supra*). Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.