■ YOLENE CHERY, Respondent, v EXOTIC REALTY, INC., Appellant. [824 NYS2d 364]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated December 7, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained personal injuries after falling down the interior stairs of the defendant's building in which she rented an apartment. The defendant purchased the building subject to a lease which provided, inter alia, that the lessee controlled four apartments and one store (later converted into two stores). The plaintiff resided in one of the four apartments and paid her rent to the lessee, who was the signatory on a written lease regarding the rental of the apartment to the plaintiff. The plaintiff was unfamiliar with the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. We reverse.

"[A]n out-of-possession owner . . . is not liable for injuries that occur on the premises unless the owner . . . has retained control over the premises or is contractually obligated to repair or maintain the premises" (*Dalzell v McDonald's Corp.*, 220 AD2d 638, 639 [1995]; *see Lowe-Barrett v City of New York*, 28 AD3d 721, 722 [2006]; *Sangiorgio v Ace Towing & Recovery*, 13 AD3d 433 [2004]). "Reservation of a right of entry may constitute sufficient retention of control to impose liability upon an out-of-possession owner for injuries caused by a dangerous condition, but only when 'a specific statutory violation exists and there is a significant structural or design defect' " (*Lowe-Barrett v City of New York, supra* at 722, quoting *Stark v Port Auth. of N.Y. & N.J.*, 224 AD2d 681 [1996]).

It is undisputed that the defendant was an out-of-possession landlord who retained a right under the lease to enter the leased portions of the building for inspection and repairs. There was no evidence that the defendant committed any specific statutory violation which would subject it to liability. In this regard, we note that the provisions of Administrative Code of the City of New York §§ 27-127 and 27-128, which the plaintiff contends were violated by the defendant, are nonspecific and reflect only a general duty to maintain premises in a safe condition (*see Reddy v 369 Lexington Ave. Co., L.P.*, 31 AD3d 732 [2006]; *Beck v Woodward Affiliates*, 226 AD2d 328, 330 [1996]). In addition

the plaintiff's claim that the defendant violated Administrative Code § 27-126 which provides, in relevant part, that the cutting away of any wall, floor, or roof does not constitute a minor alteration or repair, was never pleaded in her complaint or bills of particulars and is otherwise without merit.

In addition, the plaintiff failed to raise a triable issue of fact as to the existence of a structural or design defect. The existence of a cracked step, debris and/or moisture on the stairs and burned out light bulbs were, at best, transitory maintenance conditions that did not constitute structural or design defects (*see Couluris v Harbor Boat Realty, Inc.,* 31 AD3d 686 [2006]; *Nunez v Alfred Bleyer & Co.,* 304 AD2d 734 [2003]; *Belotserkovskaya v Café "Natalie",* 300 AD2d 521, 522 [2002]; *Kilimnik v Mirage Rest.,* 223 AD2d 530 [1996]; *Deebs v Rich-Mar Realty Assoc.,* 248 AD2d 185, 185-186 [1998]). Finally, the plaintiff's argument that the alleged hole in the stairway wall constituted a structural defect was based on mere speculation (*see Reddy v 369 Lexington Ave. Co., L.P., supra; Portera v Long Is. Sports Complex,* 270 AD2d 471, 472 [2000]).

Since the defendant demonstrated its entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact in opposition thereto, the motion for summary judgment dismissing the complaint should have been granted. Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.