■ MARLENE RHIAN, Respondent, v PABR ASSOCIATES, LLC, Appellant. [832 NYS2d 590]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated April 26, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff, Marlene Rhian, allegedly was injured at her workplace when she tripped over an upward slope in the floor near her desk which extended over an area approximately one foot long and one foot wide. At the time of the accident, the plaintiff was employed by Yorkshire Food Sales Corp. (hereinafter Yorkshire), and worked in a building leased by Yorkshire from the defendant. Under the terms of a lease between Yorkshire and the defendant, Yorkshire was in exclusive control of the premises and required to make all structural and nonstructural repairs to the leased premises. However, the defendant reserved the right to enter the premises to inspect and make any repairs made necessary by virtue of Yorkshire's failure to do so.

The plaintiff commenced this action against the defendant, as owner of the premises. The defendant subsequently moved for summary judgment dismissing the complaint, contending that it could not be held liable since it was an out-of-possession landlord and it had no responsibility for repair or maintenance of the building under the lease agreement with the tenant, Yorkshire. The Supreme Court denied the motion because the defendant produced for a deposition its managing member, Bruce D. Brown, who also worked in the subject premises as the CEO of Yorkshire. The Supreme Court found the defendant's reliance on Brown's deposition testimony "disingenuous" and stated that there was no testimony from the defendant, as the premises owner, with respect to its responsibilities regarding the subject building. We reverse.

Generally, an out-of-possession landlord is not liable for

injuries sustained at the leased premises unless it has retained control over the premises or is contractually obligated to repair unsafe conditions (*see Putnam v Stout*, 38 NY2d 607, 618 [1976]; *Ortiz v RVC Realty Co.*, 253 AD2d 802 [1998]; *Stark v Port Auth. of N.Y. & N.J.*, 224 AD2d 681 [1996]). "Reservation of a right of entry may constitute sufficient retention of control to impose liability upon an out-of-possession owner or lessor for injuries caused by a dangerous condition, but only when 'a specific statutory violation exists and there is a significant structural or design defect'" (*Lowe-Barrett v City of New York*, 28 AD3d 721, 722 [2006] [citation omitted]; *see Thomas v Fairfield Invs.*, 273 AD2d 118 [2000]; *Fucile v Grand Union Co.*, 270 AD2d 227 [2000]; *Stark v Port Auth. of N.Y. & N.J., supra; Kilimnik v Mirage Rest.*, 223 AD2d 530 [1996]). Here, the defendant, an out-of-possession landlord, established its prima facie entitlement to judgment as a matter of law (*see Brockington v Brookfield Dev. Corp.*, 20 AD3d 382, 383 [2005]). In opposition, the plaintiff failed to meet her burden of proof in raising a triable issue of fact as to whether the allegedly dangerous condition which caused her injuries was a significant structural or design defect and statutory violation for which an out-of-possession landlord could be held liable (*Seney v Kee Assoc.*, 15 AD3d 383, 384 [2005]; *see Morrone v Chelnik Parking Corp.*, 268 AD2d 268 [2000]; *Kilimnik v Mirage Rest., supra; cf. Gantz v Kurz*, 203 AD2d 240 [1994]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.