■ Derlin Sanchez, Respondent, v Barnes & Noble, Inc., et al., Defendants, and LKG Associates, LLC, Appellant. [874 NYS2d 528]—

In an action to recover damages for personal injuries, the defendant LKG Associates, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered March 28, 2007, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant LKG Associates, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff was browsing through magazines at a bookstore operated by the defendant Barnes & Noble, Inc., in a building owned by the defendant LKG Associates, LLC (hereinafter LKG). As the plaintiff reached for a magazine, he allegedly was shocked by an exposed wire that was hanging from a light fixture attached underneath one of the shelves holding magazines.

"Generally, a landlord may be held liable for injury caused by

a defective or dangerous condition upon the leased premises if the landlord is under a statutory or contractual duty to maintain the premises in repair and reserves the right to enter for inspection and repair" (*Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 642 [1996]).

By establishing that it was an out-of-possession landlord which was under no contractual duty to maintain or repair anything other than structural elements of the building, and that it did not violate a specific statutory provision sufficient to impose liability, LKG established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (*see Robinson v M. Parisi & Son Constr. Co., Inc.,* 51 AD3d 653 [2008]; *O'Connell v L.B. Realty Co.,* 50 AD3d 752, 753 [2008]; *Brockington v Brookfield Dev. Corp.,* 20 AD3d 382 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether LKG was under a contractual duty to repair or maintain the light fixture. Moreover, the plaintiff did not allege a violation of any statutory provision sufficient to impose liability upon LKG (*see Popovskaya v Kings Delights,* 288 AD2d 283 [2001]; *Portera v Long Is. Sports Complex,* 270 AD2d 471 [2000]; *Aprea v Carol Mgt. Corp.,* 190 AD2d 838, 839 [1993]).

Accordingly, the Supreme Court erred in denying that branch of LKG's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

In light of the foregoing, LKG's remaining contention has been rendered academic. Mastro, J.P., Florio, Eng and Chambers, JJ., concur.