■ PEDRO PANIAGUA et al., Respondents, v BRIDGE FOOD CENTER CORP., Defendant, and RACHEL BRIDGE CORP., Appellant. [874 NYS2d 433]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered June 23, 2008, insofar as it denied defendant Rachel Bridge Corp.'s cross motion for summary judgment dismissing the complaint and cross claims against it, unanimously reversed, on the law, without costs, and the cross motion granted to the extent of dismissing the complaint and cross claims as against Rachel Bridge. The Clerk is directed to enter judgment accordingly.

In this personal injury action, Rachel Bridge, the owner of the premises it leased to defendant Bridge Food Center, established its entitlement to judgment as a matter of law where plaintiffs failed to raise a triable issue of fact as to where the accident oc-

curred or which party was responsible for correcting the alleged defect. The record demonstrates (and plaintiffs do not dispute) that the injured party fell at the door saddle to the premises. Pursuant to defendants' lease, tenant Bridge Food Center was responsible for maintaining nonstructural defects and the sidewalk adjacent to the premises.

As an out-of-possession landlord, Rachel Bridge was not responsible for the maintenance of the door saddle, which was not structural in nature, and plaintiffs failed to cite any specific statutory violation (*see Belotserkovskaya v Café "Natalie"*, 300 AD2d 521 [2002]). Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.