■ Global Imports Outlet, Inc., Doing Business as Global Fine Reproductions, Respondent, v The Signature Group, LLC, et al., Defendants, and Cast Iron Company, LLC, et al., Appellants. (And Another Action.) [933 NYS2d 550]—

Plaintiff Global's president testified that he spoke to the "super of the building, meaning the management people" about a concern that defendant Western Spirit was doing electrical renovation work in an unsafe manner. He also indicated that "one of the people from the building," possibly "the super," actually saw Western Spirit's unsafe work. However, given that neither Cast Iron, the out-of-possession landlord of the building's retail space, nor Monaco, Cast Iron's managing agent, had responsibility for the building superintendents, Global's president's testimony raises no issue as to whether either of these defendants had any notice of a hazardous condition.

Moreover, the theory of res ipsa loquitur is inapplicable against the appealing defendants because neither had exclusive control of the space occupied by Western Spirit, where the fire originated (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]).

Finally, the subrogation action should be dismissed as against

both defendants because Global waived its right to subrogation in the commercial lease it entered into with Cast Iron, as landlord, and the waiver applies to Monaco, as management company, as well (*see Foremost Furniture Showroom, Inc. v 830 W. Co.*, 73 AD3d 491 [2010]). Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.