Michaele v Steph-Leigh Assoc., LLC (2019 NY Slip Op 08844)





Michaele v Steph-Leigh Assoc., LLC


2019 NY Slip Op 08844


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-08889
 (Index No. 609299/16)

[*1]Patrick Michaele, respondent, 
v
Steph-Leigh Associates, LLC, appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Lindsay J. Kalick and Patrick Lawless of counsel), for appellant.
Hach & Rose, LLP, New York, NY (Michael A. Rose and Robert F. Garnsey of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered June 13, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained after he fell from a single-step riser in a warehouse owned by the defendant, Steph-Leigh Associates, LLC. (hereinafter Steph-Leigh). The plaintiff was an employee of nonparty Foot Locker, which operated the warehouse pursuant to a lease agreement with Steph-Leigh. According to the plaintiff, he fell due to erosion and damage along the tread nosing of the step. Steph-Leigh moved, inter alia, for summary judgment dismissing the complaint, arguing that it was an out-of-possession landlord with no duty to maintain the premises. The Supreme Court, inter alia, denied that branch of Steph-Leigh's motion, and Steph-Leigh appeals.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Fox v Patriot Saloon, 166 AD3d 950, 951, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). Here, where the complaint sounds in common-law negligence and the pleadings do not allege the violation of a statute, Steph-Leigh demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord that was not bound by contract or course of conduct to repair the allegedly damaged step (see Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946). Although the lease obligated Steph-Leigh to make necessary structural repairs to the interior of the premises, contrary to the plaintiff's contentions, the allegedly cracked and eroded single-step riser was not a structural element of the warehouse for which Steph-Leigh was contractually responsible (see Fox v Patriot Saloon, 166 AD3d at 951; Chery v Exotic Realty, Inc., 34 AD3d 412, 413; Couluris v [*2]Harbor Boat Realty, Inc., 31 AD3d 686, 687; Gelardo v ASMA Realty Corp., 137 AD2d 787, 788).
In opposition to Steph-Leigh's motion, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that Steph-Leigh violated the New York City Building Code was not set forth in his complaint or bill of particulars and was therefore improperly raised for the first time in opposition to Steph-Leigh's motion (see Fox v Patriot Saloon, 166 AD3d at 951; Troia v City of New York, 162 AD3d 1089, 1092).
Accordingly, the Supreme Court should have granted that branch of Steph-Leigh's motion which was for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court