Jackson v Savoy Park Owner LLC (2020 NY Slip Op 02975)





Jackson v Savoy Park Owner LLC


2020 NY Slip Op 02975


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11544 20776/14E

[*1] Antoine Jackson, Plaintiff-Respondent,
v
Savoy Park Owner LLC, et al., Defendants, AFP Forty One Corp., et al., Defendants-Appellants.


Gannon Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellants.
Edelman Krasin & Jaye, PLLC, Westbury (Aaron D. Fine of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered September 24, 2019, which denied the motion of defendants AFP Forty One Corp., AFP Thirty Eight Corp. and AFP Thirty Seven Corp. (collectively AFP defendants) for, inter alia, summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was injured when, while descending exterior steps at the back entrance of a building in the Savoy Park complex, he slipped and fell down the stairs. In support of their motion for summary judgment, AFP defendants submitted evidence, including the pleadings, a lease and deposition testimony, demonstrating that the Savoy Park defendants owned and managed the building, that two of the AFP defendants had no connection with the property, and that one of them had a land lease interest. Inasmuch as plaintiff presented no evidence to dispute AFP defendants' showing that they did not have or had completely parted with any possession or control of the premises, AFP defendants were entitled to summary judgment dismissing the complaint as against them since they did not breach any duty to maintain the premises (see Henry v Hamilton Equities, Inc., 34 NY3d 136, 142-145 [2019]; compare Worth Distribs. v Latham, 59 NY2d 231, 238 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK