Padilla v Holrod Assoc. LLC (2023 NY Slip Op 02082)

Padilla v Holrod Assoc. LLC

2023 NY Slip Op 02082

Decided on April 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Pitt-Burke, JJ. 

Index No. 156977/18 Appeal No. 92 Case No. 2022-02199 

[*1]Michelle Padilla, Plaintiff-Respondent-Appellant,
v
Holrod Associates LLC, Defendant-Appellant-Respondent.

Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellant-respondent.
Kenneth J. Gorman, New York, for respondent-appellant.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about May 4, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on liability, unanimously modified, on the law, to grant defendant's motion for summary judgment dismissing the complaint and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Defendant's motion for summary judgment should have been granted. "An out-of-possession landlord is generally not liable for negligence with respect to the condition of the demised premises unless it '(1) is contractually obligated to make repairs or maintain the premises or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision'" (DeJesus v Tavares, 140 AD3d 433, 433 [1st Dept 2016] quoting Vasquez v The Rector, 40 AD3d 265, 266 [1st Dept 2007]).Here, defendant established that it was an out of possession landlord with no contractual obligation to make repairs or maintain the restaurant premises. Pursuant to Paragraph 4 of the lease agreement, all non-structural repairs to the premises were to be made by the tenant restaurant at its sole cost and expense. Moreover, the cracked step at issue was not a significant structural or design defect that is contrary to a specific statutory safety provision (see Deebs v Rich-Mar Realty Assoc., 248 AD2d 185, 185-186 [1st Dept 1998]; Chery v Exotic Realty, Inc., 34 AD3d 412, 414 [2d Dept 2006]).
In response, plaintiff failed to raise a triable issue of fact sufficient to defeat defendant's motion. Plaintiff's assertion that there is an issue of fact as to whether defendant had actual notice of the cracked step on which plaintiff fell is without merit. An out of possession landlord may not be held liable even if it had notice of the defective condition prior to the accident (see Marie D. v Roman Catholic Church of the Sacred Heart, 161 AD3d 448 [1st Dept 2018]; Devlin v Blaggards III Rest. Corp., 80 AD3d 497, 498 [1st Dept 2011], lv denied 16 NY3d 713 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2023