Desosa v Ortiz-Osorio (2024 NY Slip Op 02587)

Desosa v Ortiz-Osorio

2024 NY Slip Op 02587

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 26241/18 Appeal No. 2231 Case No. 2023-03378 

[*1]Jaika Desosa, Plaintiff-Appellant,
v
Guillermo Ortiz-Osorio, Defendant-Respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Greg Freedman of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains (Alejandra R. Gil of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered April 19, 2023, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was injured when a section of the drop ceiling in the premises her employer leased from defendant fell on top of her. The court correctly found that defendant, an out-of-possession landlord, was not liable for plaintiff's injuries because he had no duty to maintain or repair the drop ceiling or light fixture in the premises, and based on the lease, defendant's testimony, and the affidavits of defendant and the president and CEO of plaintiff's employer, defendant relinquished control over the area (see Jackson v Savoy Park Owner LLC, 183 AD3d 495 [1st Dept 2020]). Although defendant had the right to reenter the premises under the lease, the defective conditions identified by plaintiff did not constitute significant structural or design defects, requiring landlord to make repairs (see 112 W. 34th St. Assoc., LLC v 112-1400 Trade Props. LLC, 95 AD3d 529, 533-534 [1st Dept 2012], lv denied 20 NY3d 854 [2012]; Javier v Ludin, 293 AD2d 448, 448 [2d Dept 2002]). The lease is clear that defendant was not required to maintain or repair nonstructural defects in the demised premises, and plaintiff presented no evidence that he ever did so.
Plaintiff also failed to raise an issue of fact concerning the applicability of the doctrine of res ipsa loquitur. The record demonstrates that defendant did not have exclusive control over the demised premises (see Global Imports Outlet, Inc. v Signature Group, LLC, 90 AD3d 401, 401 [1st Dept 2011]), and no evidence was presented that he shared control with plaintiff's employer or any other entity.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024