Goodson v Steph-Leigh Assoc., LLC (2024 NY Slip Op 06299)

Goodson v Steph-Leigh Assoc., LLC

2024 NY Slip Op 06299

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Ind. No. 23345/20 Appeal No. 3250 Case No. 2023-05043 

[*1]Jeffrey Goodson, Plaintiff-Appellant,
v
Steph-Leigh Associates, LLC, Defendant-Respondent, Oli 99 Cent Fresh Pizza, et al., Defendants. 

Rosenbaum & Rosenbaum, P.C., New York (Edwin S. Kim of counsel), for appellant.
Gannon Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered September 21, 2023, which, insofar as appealed from, granted the motion of defendant Steph-Leigh Associates, LLC for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Steph-Leigh Associates, LLC (defendant) established its prima facie entitlement to judgment as a matter of law, where plaintiff tripped and fell over a raised door saddle at the entrance of the premises owned by defendant, and plaintiff failed to raise a triable issue of fact. Defendant showed that it was an out-of-possession landlord with no duty to maintain and repair the entrance under the lease agreement, which assigned such responsibility to the tenant and granted defendant only a limited right of re-entry to repair the premises contingent on the tenant's failure to do so (see Kittay v Moskowitz, 95 AD3d 451, 452 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). Furthermore, the door saddle was not structural in nature (see Paniagua v Bridge Food Ctr. Corp., 59 AD3d 356, 357 [1st Dept 2009]), and plaintiff failed to allege any violation of a specific statutory provision (see Joyner v Mingles Cafe, Inc., 115 AD3d 560, 561 [1st Dept 2014]).
We have considered plaintiff's remaining contentions, including that defendant had constructive notice of the raised door saddle, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024