■ MERCEDES SAVARESE et al., Appellants-Respondents, v SACRED HEARTS & ST. STEPHEN's CHURCH et al., Respondents,

and CARMINE ARTISTIC ORNAMENTAL IRON WORKS, Respondent-Appellant. [766 NYS2d 48] —In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Cammer, J.), dated June 13, 2002, as granted the motion of the defendant Vast Contracting Corp. for summary judgment dismissing the action insofar as asserted against it and, upon searching the record, granted summary judgment dismissing the action insofar as asserted against the defendants Sacred Hearts & St. Stephen's Church, St. Stephen's Roman Catholic Church in the City of Brooklyn, and Carmine Artistic Ornamental Iron Works and (2) an order of the same court dated October 7, 2002, as, in effect, upon granting that branch of their motion which was for leave to renew, adhered to the prior determination in the order dated June 13, 2002, and the defendant Carmine Artistic Ornamental Iron Works, Inc., cross-appeals from so much of the order dated June 13, 2002, as stated that the affidavit of its expert lacked a foundation.

Ordered that the appeal from the order dated June 13, 2002, is dismissed as that order was superseded by the order dated October 7, 2002, made upon renewal; and it is further,

Ordered that the cross appeal is dismissed, on the ground that the cross appellant is not aggrieved by the portion of the order cross-appealed from (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]); and it is further,

Ordered that the order dated October 7, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

We agree with the Supreme Court that the stairs that the injured plaintiff trip and fell upon were not subject to the requirements of sections 27-375 and 27-376 of the Administrative Code of the City of New York. The stairs were not "exterior stairs" being "used as exits in lieu of interior stairs" (Administrative Code § 27-376; *see* Administrative Code § 27-375; *Gaston v New York City Hous. Auth.,* 258 AD2d 220 [1999]). Accordingly, the stairs did not violate the Administrative Code.

In light of the foregoing, the plaintiffs' remaining contentions have been rendered academic. Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.