■ MILAGROS ROSADO, Individually and as Administratrix of the Estate of ERNEST ROSADO, Deceased, Respondent, v CHAI KULSAKDINUN, Appellant, et al., Defendants. [820 NYS2d 239]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered September 13, 2005, which, to the extent appealed from, denied the motion of defendant Chaiyaporn Kulsakdinun, M.D. for summary judgment dismissing the complaint and any cross claims against him based upon allegations of medical malpractice, unanimously reversed, on the law, without costs, the motion granted in its entirety and the complaint and cross claims dismissed as against said defendant. The Clerk is directed to enter judgment accordingly.

On January 18, 2002, plaintiff's decedent, Ernest Rosado, underwent arthroscopic surgery on his left knee at Westchester Square Medical Center. The procedure, which was performed by defendant Chaiyaporn Kulsakdinun, M.D., went without incident. Upon discharge, Mr. Rosado was given verbal and written instructions to call defendant if he experienced chest pain, shortness of breath, calf pain or swelling. On January 24, at his first postoperative visit, defendant examined his patient for signs of deep vein thrombosis and reiterated the signs and symptoms of that condition. Mr. Rosado stated that he felt great, walked without a cane and made no complaints of pain or swelling in his leg or shortness of breath or chest pain. His next scheduled visit was four to six weeks later.

According to deposition testimony given by plaintiff, Mr. Rosado's wife, he began to complain of leg pain, weakness and fatigue on January 26 or 27 and had trouble catching his breath. She stated that her husband told her that he had described his symptoms in a telephone call to defendant's office and was told that the doctor would examine him at an upcoming appointment on January 30. Asked if she had spoken with defendant personally, she replied, "Probably with his office, with him specifically, no."

Defendant denied any conversation between decedent and his office, stating that, had any such conversation taken place, Mr. Rosado would have been directed to call an ambulance to take him to the emergency room immediately. Defendant also testified that Mr. Rosado's next appointment was scheduled for early March.

On January 30, 2002, plaintiff's decedent was transported by ambulance to Our Lady of Mercy Medical Center, where he was kept overnight for observation. The following morning, plaintiff was told that her husband had died of a pulmonary embolism. This action ensued alleging negligence, lack of informed consent,

loss of consortium and wrongful death against defendant, Westchester Square Medical Center, Our Lady of Mercy Medical Center and several of its physicians.

Defendant moved to dismiss the complaint and any cross claims against him on the grounds that Mr. Rosado was a fit candidate for arthroscopic surgery, having undergone a similar procedure during the prior year; that he was properly advised of alternatives to surgery; and that the claimed telephone call between plaintiff's decedent and defendant was "wholly speculative and without evidentiary support." Supreme Court granted the motion as to the cause of action for lack of informed consent, but denied it as to the causes of action predicated upon medical malpractice.

Plaintiff's claims against defendant rest on his asserted failure to take action in response to the telephone call purportedly placed by her husband to the doctor's office, the only evidence of which is hearsay. Contrary to her contention, the *Noseworthy* doctrine (*Noseworthy v City of New York*, 298 NY 76 [1948]; *see also Schechter v Klanfer*, 28 NY2d 228 [1971] [extending *Noseworthy* to amnesiacs]) does not relieve plaintiff of her evidentiary obligation; "plaintiff must still establish a prima facie case" (*Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 334 [1986]; *Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 398 [2003], *lv denied* 100 NY2d 636 [2003] [speculation is not a substitute for competent evidence in an action for wrongful death]). Unless a prima facie case has been made out, there is no occasion to consider whether the evidence should be subject to a lower standard of proof because the injured party is unable to give his version of the accident (*see Smith v Stark*, 67 NY2d 693, 695 [1986]).

The general rule that a party opposing a motion for summary judgment (CPLR 3212) must submit proof in admissible form or a reasonable excuse for the failure to do so (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) does not preclude the receipt of evidence otherwise excludable at trial under the Dead Man's Statute (*Phillips v Kantor & Co.*, 31 NY2d 307, 313, 314 [1972]). However, even according credence to plaintiff's hearsay testimony concerning her husband's call to his doctor's office, her evidence is too vague and speculative to support the inference of negligence (*see Cole v Swagler*, 308 NY 325, 329 [1955] [reasonable inferences must support negligence and proximate cause]). Thus, we conclude that plaintiff has failed to demonstrate a prima facie case of medical malpractice against defendant. Concur—Buckley, P.J., Tom, Gonzalez and Sweeny, JJ.