■ JOSEPH TRAGALE, Appellant, v 485 KINGS CORP., Respondent, et al., Defendants. [834 NYS2d 256]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated February 6, 2006, which granted the motion of the defendant 485 Kings Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, who managed a Blockbuster Video store in Brooklyn, was injured when a steel gate in front of the premises

came crashing down on him as he attempted to open the store for business. The defendant 485 Kings Corp. (hereinafter the respondent) owned the building in which the Blockbuster Video store was located and leased.

"An out-of-possession landlord is not liable for injuries occurring on the premises unless it has retained control of the premises or is contractually obligated to perform maintenance and repairs" (*Knipfing v V&J, Inc.*, 8 AD3d 628, 628-629 [2004]). Reservation of a right of entry for inspection and repair may constitute sufficient retention of control to impose liability for injuries caused by a dangerous condition, but only where the condition violates a specific statutory provision and there is a significant structural or design defect (*see Ingargiola v Waheguru Mgt.*, 5 AD3d 732, 733 [2004]).

Here, the respondent did not retain control over the premises. Moreover, the respondent was not responsible for maintaining and repairing the steel gate. In fact, the gate was installed by the tenant, Blockbuster Video, only after it took occupancy of the premises. While the respondent had the right to enter for purposes of inspection and repair of aspects of the building unrelated to the gate, the plaintiff submitted no evidence of, and did not even allege, any statutory violation or structural or design defect with the building. The plaintiff failed to raise a triable issue of fact in opposition to the respondent's prima facie showing of its entitlement to summary judgment (*see Javier v Ludin*, 293 AD2d 448 [2002]). Consequently, the Supreme Court properly granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.