■ MARIA NIKOLAIDIS et al., Appellants, v LA TERNA RESTAURANT, Defendant, and HANSU ENTERPRISES, INC., Respondent. [835 NYS2d 726]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated November 25, 2005, which granted the motion of the defendant Hansu Enterprises, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Maria Nikolaidis allegedly sustained personal injuries when she fell on an exterior staircase located on premises owned by the defendant Hansu Enterprises, Inc. (hereinafter Hansu), an out-of-possession landlord who leased the subject premises to the defendant La Terna Restaurant. After the completion of discovery, Hansu moved for summary judgment dismissing the complaint insofar as asserted against it.

An out-of-possession property owner is not liable for injuries that occur on the property unless the owner has retained control over the premises or is contractually obligated to perform maintenance and repairs (see *Tragale v 485 Kings Corp.*, 39 AD3d 626 [2007]; *Rhian v PABR Assoc., LLC*, 38 AD3d 637 [2007]; *Lowe-Barrett v City of New York*, 28 AD3d 721 [2006]). Reservation of a right to enter the premises for purposes of inspection and repair may constitute sufficient retention of control to impose liability for injuries caused by a dangerous condition, but only where the condition violates a specific statutory provision and there is a significant structural or design defect (see *Tragale v 485 Kings Corp., supra*; *Lowe-Barrett v City of New York, supra*; *Hepburn v Getty Petroleum Corp.*, 258 AD2d 504 [1999]). Here, the lease between Hansu and La Terna Restau-

rant contained such a reservation of rights. Nonetheless, Hansu made a prima facie showing of its entitlement to judgment as a matter of law by establishing the absence of any statutory violation and the absence of any significant structural or design defect (*see Hepburn v Getty Petroleum Corp., supra*). The affidavit submitted by the plaintiffs' expert in opposition to Hansu's motion failed to raise a triable issue of fact. Contrary to the expert's assertions, the staircase where the injured plaintiff fell was not subject to the requirements of the Administrative Code of the City of New York §§ 27-375 and 27-376. The stairs were not "exterior stairs" being "used as exits in lieu of interior stairs" (Administrative Code § 27-376; *see* Administrative Code § 27-375; *Savarese v Sacred Hearts & St. Stephen's Church,* 309 AD2d 848, 849 [2003]). Furthermore, Administrative Code §§ 27-127 and 27-128, which were also relied upon by the plaintiffs' expert, are nonspecific and reflect only the general duty to maintain the premises in a safe condition (*see Ahmad v City of New York,* 298 AD2d 473, 474 [2002]). Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.