■ DEBORAH GRIPPO, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. [846 NYS2d 264]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated April 27, 2006, which granted the motion of the defendants New York City Industrial Development Agency and FD Property Holding, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

An out-of-possession property owner is not liable for injuries that occur on the property unless the owner has retained control over the premises or is contractually obligated to perform maintenance and repairs (see Nikolaidis v La Terna Rest., 40 AD3d 827 [2007]; Rhian v PABR Assoc., LLC, 38 AD3d 637 [2007]; Lindquist v C & C Landscape Contrs., Inc., 38 AD3d 616 [2007]; Gavallas v Health Ins. Plan of Greater N.Y., 35 AD3d 657 [2006]; Chery v Exotic Realty, Inc., 34 AD3d 412 [2006]). Here, the defendant New York City Industrial Development Agency (hereinafter IDA) established its prima facie entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord who retained no control over the premises where the plaintiff's accident occurred, and had no contractual obligation to maintain the premises or make repairs (see Tragale v 485 Kings Corp., 39 AD3d 626 [2007]; Lindquist v C & C Landscape Contrs., Inc., 38 AD3d 616 [2007]; Couluris v Harbor Boat Realty, Inc., 31 AD3d 686 [2006]; Salgado v Ring, 21 AD3d 362 [2005]). In opposition to IDA's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Nikolaidis v La Terna Rest., 40 AD3d 827 [2007]; Gavallas v Health Ins. Plan of Greater N.Y., 35 AD3d 657 [2006]; Chery v Exotic Realty, Inc., 34 AD3d 412 [2006]; Salgado v Ring, 21 AD3d 362 [2005]).

The defendant FD Property Holding, Inc. (hereinafter FD Property), also established its prima facie entitlement to judgment as a matter of law by submitting evidentiary proof that it relinquished control of the premises prior to the accident by entering into a sublease, and that the subtenant assumed all of its contractual duties, including the obligation to keep the premises in good condition and make all structural and nonstructural repairs. In opposition, the plaintiff failed to raise an issue of fact as to whether FD Property exercised a sufficient degree of control over the premises to impose liability (see Salgado v Ring, 21 AD3d 362 [2005]). Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.