■ PETER O'CONNELL, Appellant, v L.B. REALTY Co., Respondent, et al., Defendants. [856 NYS2d 165]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered November 14, 2006, as granted that branch of the motion of the defendant L.B. Realty Co. which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it, and denied his cross motion for summary judgment on the issue of liability on that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when a trap door located at premises owned by the defendant L.B. Realty Co. (hereinafter L.B.) and leased to the defendant LMC Corporation fell, struck him on the head, and severed his finger as he descended a staircase into the basement. L.B. established its prima facie entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord which retained no control over the premises where the plaintiff's accident occurred, was not obligated to maintain or repair the premises, and did not violate a specific statutory provision (*see Grippo v City of New York,* 45 AD3d 639, 640 [2007]; *Gavallas v Health Ins. Plan of Greater N.Y.,* 35 AD3d 657 [2006]; *Couluris v Harbor Boat Realty, Inc.,* 31 AD3d 686 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether L.B. violated a specific statutory provision (*see Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 566-567 [1987]; *Roveto v VHT Enters., Inc.,* 17 AD3d 341, 342 [2005]), since the statutory provisions the plaintiff claims were violated, Administrative Code of City of NY §§ 27-127 and 27-128, are general safety provisions which do not constitute a sufficiently specific predicate for liability (*see Nikolaidis v La Terna Rest.,* 40 AD3d 827, 828 [2007]; *Reddy v 369 Lexington Ave. Co., L.P.,* 31 AD3d 732, 733 [2006]). The Supreme Court therefore properly granted that branch of L.B.'s motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it, and properly denied the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action. Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.