■ ARLENE CONTE et al., Appellants, v FRELEN ASSOCIATES, LLC, Respondent. [858 NYS2d 258]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated January 2, 2007, as granted the defendant's motion for summary judgment dismissing the complaint. Justice Dillon has been substituted for former Justice Schmidt (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Arlene Conte sustained injuries when she tripped and fell over broken concrete in a walkway located on premises owned by the defendant.

An out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises (*see Lowe-Barrett v City of New York*, 28 AD3d 721, 722 [2006]; *Dalzell v McDonald's Corp.*, 220 AD2d 638, 639 [1995]). Here, the defendant satisfied its burden by submitting documentary evidence demonstrating that it was an out-of-possession landlord not contractually obligated to maintain or repair the premises. In opposition, the plaintiffs failed to raise a triable issue of fact. Although the defendant reserved the right to enter the leased premises to, inter alia, make repairs upon the tenant's default, the plaintiffs failed to raise a triable issue of fact as to whether the allegedly defective condition constituted a specific statutory violation such

that liability may be imposed upon the defendant out-of-possession landowner (*see O'Connell v L.B. Realty Co.,* 50 AD3d 752 [2008]; *Ahmad v City of New York,* 298 AD2d 473, 474 [2002]; *Kilimnik v Mirage Rest.,* 223 AD2d 530 [1996]).

Contrary to the plaintiffs' contention, the court did not err by considering the evidence in the defendant's reply papers because it was submitted in direct response to allegations raised in their opposition papers (*see Ryan Mgt. Corp. v Cataffo,* 262 AD2d 628, 630 [1999]). Moreover, the motion for summary judgment was not premature since the plaintiffs failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence; their hope and speculation that evidence sufficient to defeat the motion might be uncovered during discovery was an insufficient basis for denying the motion (*see Lopez v WS Distrib., Inc.,* 34 AD3d 759, 760 [2006]). Rivera, J.P., Florio, Dillon and Balkin, JJ., concur.