■ BESSIE BREWSTER, Appellant, v FIVE TOWNS HEALTH CARE REALTY CORP. et al., Respondents, et al., Defendants. [873 NYS2d 199]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), entered October 25, 2007, which granted the

motion of the defendants Five Towns Health Care Realty Corp., Herbert Feldman, Louis E. Sedrish exempt marital trust under will dated December 10, 1985, as to a 26.83% undivided interest, Louis Sedrish Trust for the benefit of the issue of Paul Sedrish as to a 23% undivided interest, and Louis B. Sedrish Credit Shelter Trust under will dated December 10, 1985, as to a 50.17% undivided interest, all tenants in common care of Michael B. Sedrish, 38 The Oaks, Roslyn Estates, New York 11576, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that while working as a maintenance worker at the nonparty Woodmere Rehabilitation and Health Care Center, Inc., she slipped and fell on debris adjacent to a dumpster on the grounds of the facility. The Supreme Court granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them.

An out-of-possession landlord is not liable for injuries occurring on the premises unless it has retained control of the premises or is contractually obligated to perform maintenance and repairs (see *Tragale v 485 Kings Corp.*, 39 AD3d 626 [2007]; *Rhian v PABR Assoc., LLC*, 38 AD3d 637 [2007]; *Lowe-Barrett v City of New York*, 28 AD3d 721 [2006]). Reservation of a right to enter the premises for the purposes of inspection and repair may constitute sufficient retention of control to impose liability for injuries caused by a dangerous condition, but only where the condition violates a specific statutory provision (see *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]). In support of their motion for summary judgment, the respondents satisfied their burden by submitting documentary evidence demonstrating that they were out-of-possession landlords that were not contractually obligated to maintain or repair the premises. In opposition, the plaintiff failed to raise a triable issue of fact (see CPLR 3212 [b]). While the respondents retained a right to enter the leased premises, the plaintiff failed to raise a triable issue of fact as to whether the alleged defect constituted a specific statutory violation (see *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]). Moreover, the motion for summary judgment was not premature, since the plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence. The plaintiff's "hope and speculation that evidence sufficient to defeat the motion might be uncovered during discovery was an insufficient basis for denying the motion" (*Conte v Frelen Assoc., LLC*, 51 AD3d at 621; see *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur. [*See* 2007 NY Slip Op 33402(U).]