■ CHRISTOPHER M. LAURIELLO et al., Respondents, v MARTHA GALLOTTA, Appellant, et al., Defendants. [873 NYS2d 690]—

In an action to quiet title to several parcels of real property, the defendant Martha Gallotta appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated February 28, 2008, which denied her motion pursuant to CPLR 3126 to dismiss the complaint, or in the alternative, pursuant to CPLR 3124 directing the plaintiff Louis J. Lauriello to appear for a deposition, denied her separate motions pursuant to CPLR 3103 and 3111 to issue open commissions to take the depositions of Josephine Hoffmann and Joseph Mattera in the states of New Jersey and Ohio, respectively, granted that branch of the

plaintiffs' cross motion which was for summary judgment declaring that the plaintiff Christopher M. Lauriello and the plaintiff Louis J. Lauriello are each the owner of a 25% interest in certain real property located in Brooklyn, and denied her separate cross motion for summary judgment declaring that she is the sole owner of certain real property located in Mountain Lodge in the Town of Blooming Grove.

Ordered that the order is affirmed, with costs.

The defendant Martha Gallotta (hereinafter the defendant) owned two parcels of real property with her cousin, the decedent Louise Lauriello (hereinafter the decedent). One parcel is located on Sackett Street in Brooklyn (hereinafter the Brooklyn property) and the other is located in the Town of Blooming Grove in Orange County (hereinafter the Blooming Grove property). The defendant and the decedent originally held title to the Brooklyn property as joint tenants. Prior to the decedent's death, the form of ownership was changed to a tenancy in common. When the decedent died, her will devised her one-half interest in the Brooklyn property to the plaintiffs Christopher M. Lauriello and Louis J. Lauriello, who contend that they each now own an undivided 25% interest in the Brooklyn property.

The Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that they each own an undivided 25% interest in the Brooklyn property. The plaintiffs established their entitlement to judgment as a matter of law by showing that the decedent and the defendant signed a deed transferring an undivided 25% interest in the Brooklyn property to each of them as tenants in common. The plaintiffs established that the defendant was not fraudulently induced to sign the deed (see Dalessio v Kressler, 6 AD3d 57, 61 [2004]), and that the transfer was neither the result of undue influence nor unconscionable (see Hearst v Hearst, 50 AD3d 959, 961-962 [2008]). Contrary to the plaintiffs' contention, statements of a decedent are not rendered inadmissible under the "Deadman's Statute" (see CPLR 4519) when offered in opposition to a motion for summary judgment (see Rosado v Kulsakdinun, 32 AD3d 282, 284 [2006]; Beyer v Melgar, 16 AD3d 532, 533 [2005]; Salemo v Geller, 278 AD2d 104 [2000]). Nevertheless, even if the decedent's alleged statements were considered in opposition to that branch of the plaintiffs' cross motion which was for summary judgment, the defendant failed to raise a triable issue of fact warranting denial of that branch of the cross motion (see generally Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068 [1979]).

Furthermore, that branch of the plaintiffs' cross motion which

was for summary judgment was not premature, since the defendant failed to offer an evidentiary basis to suggest that discovery might lead to relevant evidence. Her hope and speculation that evidence sufficient to defeat that branch of the cross motion might be uncovered during discovery was insufficient to defeat that branch of the cross motion (*see Conte v Frelen Assoc., LLC,* 51 AD3d 620, 621 [2008]; *Kimyagarov v Nixon Taxi Corp.,* 45 AD3d 736, 737 [2007]).

The court properly denied the defendant's separate cross motion for summary judgment declaring that she is the sole owner of the Blooming Grove property. The defendant failed to overcome the presumption that she and the decedent owned that property as tenants in common, and not as joint tenants, as she failed to establish by clear and convincing evidence that a joint tenancy, rather than a tenancy in common, was intended to be created (*see Estate of Menon v Menon,* 303 AD2d 622, 623 [2003]).

The defendant's remaining contentions have been rendered academic or are without merit. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.