■ RICCARDO TEDESCO, SR., et al., Appellants, v RICCARDO TEDESCO, JR., et al., Respondents. (Action No. 1.) LYDIA TEDESCO NIORAS, Respondent, v RICCARDO TEDESCO, SR., Appellant. (Action No. 2.) RICCARDO TEDESCO, SR., et al., Appellants, v LYDIA TEDESCO et al., Respondents. (Action No. 3.) [882 NYS2d 298]—

In three related actions to determine ownership of real property, the plaintiffs in action No. 1, the defendant in action No. 2, and the plaintiffs in action No. 3 appeal from (1) a decision of the Supreme Court, Westchester County (Loehr, J.), dated January 18, 2008, and (2) an order of the same court dated February 21, 2008, which granted the motion of the defendants in action No. 1, the plaintiff in action No. 2, and the defendants in action No. 3 for summary judgment dismissing the complaint in action No. 1, dismissing the answer in action No. 2, and dismissing the complaint in action No. 3.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents Riccardo Tedesco, Jr., and Lydia Tedesco Nioras.

The appellant Riccardo Tedesco, Sr., is a plaintiff in action Nos. 1 and 3, and a defendant in action No. 2. The three actions, which were joined for trial, concern a dispute between Tedesco, Sr., and two of his children concerning the ownership of certain real property. We agree with the Supreme Court that Tedesco, Sr., cannot now be heard to claim ownership of the properties in question, having denied ownership of any real property in prior judicial proceedings that took place after the alleged real estate transactions at issue here. The doctrine of judicial estoppel precludes a party from taking a position in one legal proceeding which is contrary to that which he or she took in a prior proceeding, simply because his or her interests have changed (*see Festinger v Edrich,* 32 AD3d 412 [2006]). The doctrine will be applied where the party has secured a judgment in his or her favor by adopting a certain position in the prior proceeding (*see Matter of One Beacon Ins. Co. v Espinoza,* 37 AD3d 607 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v Allston,* 300 AD2d 669 [2002]).

Moreover, the issue of judicial estoppel was previously decided on the merits by the Supreme Court in an order dated December 7, 2006 (*see Tedesco v Tedesco,* 13 Misc 3d 1245[A], 2006 NY Slip Op 52353[U] [2006]). Tedesco, Sr.'s appeal from that order was dismissed for failure to perfect. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues which could have been reviewed therein (*see Tri-State Sol-Aire Corp. v Martin Assoc.,* 7 AD3d 514 [2004]). The court's finding of judicial estoppel is therefore law of the case (*see Brownrigg v New York City Hous. Auth.,* 29 AD3d 721 [2006]).

Tedesco, Sr.'s contention that the motion for summary judgment was premature is without merit. He failed to offer any evidentiary basis to suggest that discovery may lead to relevant evidence. His hope and speculation that evidence sufficient to defeat the motion might be uncovered during discovery was an insufficient basis to deny the motion (*see Brewster v Five Towns Health Care Realty Corp.,* 59 AD3d 483 [2009]; *Conte v Frelen Assoc., LLC,* 51 AD3d 620 [2008]). Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.