■ PEERLESS INSURANCE COMPANY, Appellant, v MICRO FI-BERTEK, INC., et al., Defendants, and CROWN ROYAL VENTURES, LLC, Respondent. [890 NYS2d 560]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Micro Fibertek, Inc., in an underlying personal injury action entitled *Wallerstein v Crown Royal Ventures, LLC*, pending in the Supreme Court, Suffolk County, under index No. 36142/06, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated May 29, 2008, which, inter alia, granted the separate motions of the defendant Crown Royal Ventures, LLC, for leave to amend its answer and for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendant Micro Fibertek, Inc., in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is obligated to defend and indemnify Micro Fibertek, Inc., in the underlying action.

Initially, we reject the plaintiff's contention that the Supreme Court erred in considering the motion of the defendant Crown Royal Ventures, LLC (hereinafter Crown Royal), for summary judgment by virtue of a prior order granting the plaintiff's motion for a default judgment against the defendant Micro Fibertek, Inc. (hereinafter Micro Fibertek). The prior order did not determine the merits of the issues raised, and did not constitute the law of the case (*see Allstate Ins. Co. v Liberty Lines Tr., Inc.*, 50 AD3d 712, 713 [2008]; *Meekins v Town of Riverhead*, 20 AD3d 399, 400 [2005]; *see also Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 457 [1985]).

The Supreme Court properly awarded summary judgment to Crown Royal as an additional insured under the relevant insurance policy. In response to Crown Royal's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), as to whether a policy exclusion precluded coverage, or as to whether notice of the claim was timely given.

Furthermore, Crown Royal's motion for summary judgment was not premature, since the plaintiff failed to offer an evidentiary basis to suggest that discovery might lead to relevant evidence (*see Lauriello v Gallotta*, 59 AD3d 497, 499 [2009]; *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]).

The Supreme Court also properly granted Crown Royal's motion for leave to amend its answer. Leave to amend pleadings

should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (*see Gitlin v Chirinkin,* 60 AD3d 901, 902 [2009]). A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed (*id.*). Here, Crown Royal's proposed amendment was neither palpably insufficient nor patently devoid of merit, and the plaintiff did not demonstrate that it would suffer prejudice or surprise if leave to amend were granted. Further, in light of Crown Royal's allegation that the plaintiff delayed in complying with its discovery demand by forwarding it a copy of the relevant insurance policy almost a year after it had initially requested it, the Supreme Court providently exercised its discretion in rejecting the contention that Crown Royal's motion for leave to amend the answer was untimely (*see e.g. Gitlin v Chirinkin,* 60 AD3d at 902; *cf Peteroy v St. Vincent's Med. Ctr. of Richmond,* 278 AD2d 295 [2000]).

The plaintiff's remaining contention is without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is obligated to defend and indemnify Micro Fibertek in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.