■ BONNIE AMES, Appellant, v KAMCO SUPPLY CORP. et al., Respondents, et al., Defendants. (And a Third-Party Action.) [946 NYS2d 651]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated March 29, 2011, as granted that branch of the motion of the defendants Kamco Supply Corp. and Samlal Mahabir which was for summary judgment dismissing the complaint insofar as asserted against them and denied her cross motion for leave to amend her bill of particulars and

for summary judgment on the issue of liability against the defendants Kamco Supply Corp. and Samlal Mahabir.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 14, 2008, the plaintiff, employed as an Emergency Medical Technician, was a front-seat passenger in an ambulance operated by a coworker. While traveling eastbound on Route 59 in Clarkstown, the ambulance collided with a truck which was owned by the defendant Kamco Supply Corp. and operated by the defendant Samlal Mahabir (hereinafter together the respondents).

The Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The respondents established, prima facie, that their truck was legally parked in the shoulder of Route 59 in Rockland County, which was not a "state expressway highway" or "state interstate route highway" (Vehicle and Traffic Law § 1202 [a] [1] [j]; *see* Highway Law §§ 340-a, 340-c), when it was struck by the ambulance. In opposition, the plaintiff failed to raise a triable issue of fact. The court providently exercised its discretion in declining to consider the affidavit of the plaintiff's expert, since the plaintiff failed to identify the expert in pretrial disclosure, and served the affidavit, which was elicited solely to oppose the motion for summary judgment, after filing a note of issue and certificate of readiness attesting to the completion of discovery (*see Gerry v Commack Union Free School Dist.*, 52 AD3d 467 [2008]; *Soldano v Bayport-Blue Point Union Free School Dist.*, 29 AD3d 891 [2006]).

The Supreme Court also properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against the respondents, as the plaintiff failed to meet her prima facie burden of demonstrating her entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to amend her bill of particulars. The plaintiff failed to set forth any excuse for her delay in seeking to amend her bill of particulars, which was for more than two years after the note of issue was filed (*see Al-Khilewi v Turman*, 82 AD3d 1021 [2011]; *Sampson v Contillo*, 55 AD3d 591 [2008]). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.