■ ANN DENERMARK, Appellant, v 2857 WEST 8TH STREET AS-SOCIATES et al., Respondents. (And a Third-Party Action.) [974 NYS2d 533]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated December 15, 2011, as granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

While exiting through a door of a building owned by the defendant 2857 West 8th Street Associates (hereinafter West 8th Street) and leased to the defendant City of New York, the plaintiff "overstepped" a single step, causing her to trip and fall onto the adjacent sidewalk.

Contrary to the defendants' contentions, the plaintiff sufficiently identified the condition that caused her to "overstep" the step, since she alleged that the length of the step in relation to the door was insufficient (*see DiGiantomasso v City of New York*, 55 AD3d 502, 503 [2008]).

Since it is undisputed that the door leaf, that is, the swing of the door, extended beyond the length of the step, the defendants failed to establish, prima facie, that this condition did not violate Administrative Code of City of NY § 27-371 (h), which requires that "[t]he floor on both sides of all exit and corridor doors shall be . . . at least equal to the width of the door leaf." Nor did the defendants establish, prima facie, that there was no causal connection between the violation and the plaintiff's fall (*see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889 [2011]). Thus, a triable issue of fact exists as to proximate cause.

West 8th Street also failed to establish, prima facie, that as an out-of-possession landlord it had no duty to repair the condition on the premises. An out-of-possession landlord is not liable for injuries occurring on the premises unless it has retained control of the premises, is contractually obligated to perform maintenance and repairs, or is obligated by statute to perform such maintenance and repairs (*see Alnashmi v Certified Analytical Group, Inc.,* 89 AD3d 10 [2011]; *Tragale v 485 Kings Corp.,* 39 AD3d 626, 627 [2007]; *Knipfing v V&J, Inc.,* 8 AD3d 628, 628-629 [2004]). Reservation of a right of entry for inspection and repair may constitute sufficient retention of control to impose liability for injuries caused by a dangerous condition. In West 8th Street's lease with the City, West 8th Street retained the right to re-enter the premises and repair the area at issue (*see Hakim v 65 Eighth Ave., LLC,* 42 AD3d 374 [2007]; *Nikolaidis v La Terna Rest.,* 40 AD3d 827 [2007]). Further, the condition on the premises constituted a violation of a statutory provision sufficient to impose liability upon West 8th Street (*see Roveto v VHT Enters., Inc.,* 17 AD3d 341, 342 [2005]; *Griffin v Sadauskas,* 14 AD3d 930 [2005]).

Although West 8th Street retained the right to repair the area at issue, this did not relieve the City, as tenant, of its common-law obligation to keep the premises reasonably safe (*see Milewski v Washington Mut., Inc.,* 88 AD3d 853, 855 [2011]; *Elbadawi v Myrna & Mark Pizzeria, Inc.,* 70 AD3d 627, 628 [2010]). Thus, the City failed to establish, prima facie, that it did not owe the plaintiff that duty (*see Milewski v Washington Mut., Inc.,* 88 AD3d at 855).

Accordingly, the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them should have been denied. Rivera, J.P., Balkin, Chambers and Sgroi, JJ., concur.