■ RIVKA FRIEDMAN, an Infant, by ESTHER FRIEDMAN, Her Mother and Natural Guardian, et al., Respondents, v 1753 REALTY Co., Appellant. [986 NYS2d 175]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), entered October 5, 2012, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to amend the bill of particulars to add an allegation that it violated Multiple Dwelling Law § 62.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged violations of Administrative Code of the City of New York §§ 17-123, 27-127, 27-128, 27-375 and 27-376, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting the plaintiffs' cross motion for leave to amend the bill of particulars, and substituting therefor a provision denying the plaintiffs' cross motion; as so modified, the order is affirmed, without costs or disbursements.

The infant plaintiff, Rivka Friedman, allegedly was injured when she fell over a railing on a landing to a set of stairs outside of the apartment building where she resided with her family.

The defendant owned the building at the time. Rivka Friedman, by her mother, the plaintiff Esther Friedman, and Esther Friedman, individually, commenced this personal injury action against the defendant. During the pendency of the action, the defendant moved for summary judgment dismissing the complaint. The plaintiffs thereafter cross-moved for leave to amend the bill of particulars to add an allegation that the defendant violated Multiple Dwelling Law § 62. The Supreme Court denied the defendant's motion and granted the plaintiffs' cross motion.

The Supreme Court erred in denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged violations of Administrative Code of the City of New York §§ 17-123, 27-127, 27-128, 27-375 and 27-376. Administrative Code §§ 27-375 and 27-376 do not apply to the subject exterior stairs because the stairs were not "used as exits in lieu of interior stairs" (Administrative Code § 27-376; *see Castillo v Akdeniz Realty, LLC*, 91 AD3d 531, 532 [2012]; *Nikolaidis v La Terna Rest.*, 40 AD3d 827 [2007]; *Savarese v Sacred Hearts & St. Stephen's Church*, 309 AD2d 848 [2003]; *Gaston v New York City Hous. Auth.*, 258 AD2d 220 [1999]). "Exit" is defined by the Administrative Code as a "means of egress from the interior of a building to an open exterior space" (Administrative Code of City of NY § 27-232). The stairway was outside the parameters of the building and did not provide a means of egress from the interior of the building to an open exterior space (*see Castillo v Akdeniz Realty, LLC*, 91 AD3d at 532; *Gaston v New York City Hous. Auth.*, 258 AD2d at 224). Moreover, the plaintiffs' contention that the stairs violated Administrative Code §§ 27-127 and 27-128 is without merit. Those sections "merely require that the owner of a building maintain and be responsible for its safe condition," and do not constitute a sufficiently specific statutory predicate for liability (*Ortiz v Rose Nederlander Assoc., Inc.*, 103 AD3d 525, 525-526 [2013] [internal quotation marks omitted]; *Hinton v City of New York*, 73 AD3d 407, 408 [2010]; *O'Connell v L.B. Realty Co.*, 50 AD3d 752 [2008]). In addition, Administrative Code § 17-123, which concerns window guards, is inapplicable to the facts of this case. Thus, the defendant met its prima facie burden of demonstrating its entitlement to judgment as a matter of law with respect to these sections of the Administrative Code. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court erred in denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged violations of these sections of the Administrative Code.

However, the Supreme Court correctly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence. An owner of property has a duty to maintain the property in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Basso v Miller*, 40 NY2d 233 [1976]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897 [2013], *lv denied* 22 NY3d 864 [2014]). In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, "it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Kruger v Donzelli Realty Corp.*, 111 AD3d at 898 [internal quotation marks omitted]; *see Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]). Thus, in a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the defective condition nor had actual or constructive notice of its existence (*see Kruger v Donzelli Realty Corp.*, 111 AD3d at 898; *Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598 [2010]). Here, the defendant failed to establish, prima facie, that it neither created the allegedly defective condition nor had actual or constructive notice of it. Thus, the defendant failed to establish its prima facie entitlement to judgment as a matter of law as to the plaintiff's common-law negligence cause of action, and we need not review the sufficiency of the plaintiff's opposition concerning that cause of action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Finally, the Supreme Court improvidently exercised its discretion in granting the plaintiff's cross motion for leave to amend the bill of particulars to add an allegation that Multiple Dwelling Law § 62 was violated. The plaintiff failed to set forth any excuse for her delay in seeking leave to amend the bill of particulars 13 years after this action was commenced and after the note of issue was filed (*see Ames v Kamco Supply Corp.*, 96 AD3d 888 [2012]; *Al-Khilewi v Turman*, 82 AD3d 1021 [2011]; *Sampson v Contillo*, 55 AD3d 591 [2008]). Moreover, Multiple Dwelling Law § 62 does not apply to the facts of this case (*see Hyman v Queens County Bancorp*, 307 AD2d 984 [2003], *affd* 3 NY3d 743 [2004]). Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.

■ Roger L. Fudge, Jr., Individually and as Administrator of the Estate of Melissa Fudge, Deceased, Appellant, v North