◼ PAUL WARSHEFSKIE, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [993 NYS2d 324]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated January 17, 2013, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging common-law negligence, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of General Municipal Law § 205-e, and denied his cross motion for leave to amend the complaint and bill of particulars.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court correctly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging common-law negligence. Although the evidence presented by the defendant was sufficient to establish, prima facie, that it was entitled to judgment as a matter of law, in opposition, the plaintiff raised a triable issue of fact.

With respect to the cause of action to recover damages pursuant to General Municipal Law § 205-e, in opposition to the defendant's demonstration of its prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether he was injured as a result of any negligence of the defendant in failing to comply with any applicable "statute[ ], ordinance[ ] [or] rule" (General Municipal Law § 205-e; *see Sweeney v Doria*, 95 AD3d 1298, 1299 [2012]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e.

The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint and bill of particulars to add allegations that section 26-286 of the 1938 New York City Building Code and section 27-2005 of the New York City Housing Maintenance Code (Administrative Code of City of NY) were violated. The plaintiff failed to set forth any excuse for his delay in seeking leave to amend the bill of particulars and complaint subsequent to the note of issue being filed and subsequent to a prior motion to amend the complaint and bill of

particulars (*see Ames v Kamco Supply Corp.*, 96 AD3d 888, 889 [2012]; *Al-Khilewi v Turman*, 82 AD3d 1021 [2011]; *Schreiber-Cross v State of New York*, 57 AD3d 881 [2008]; *Sampson v Contillo*, 55 AD3d 591 [2008]; *Navarette v Alexiades*, 50 AD3d 869, 870 [2008]; *Cohen v Ho*, 38 AD3d 705 [2007]). Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.