Valdan Acupuncture, P.C., as Assignee of Charles Dummett, Respondent,
against
21st Century Advantage Ins. Co., Appellant.




Law Offices of Buratti, Rothenberg & Burns (Leslie A. Emya, Jr. of counsel), for appellant.
Gary Tsirelman, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered October 27, 2015. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for scheduled independent medical examinations (IMEs). In support of the motion, defendant submitted an affidavit by an employee of the company which had been retained by defendant to schedule the IMEs, which affidavit sufficiently demonstrated that the scheduling letters had been timely mailed to plaintiff's assignor on August 19, 2011 and September 1, 2011, at a Van Siclen Avenue address (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Defendant also submitted affirmations and affidavits from medical providers who were to perform the IMEs, which sufficiently established that plaintiff's assignor had failed to appear for those duly scheduled IMEs (see Stephen Fogel [*2]Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). In addition, an affidavit executed by defendant's claims representative demonstrated that the denial of claim forms, which denied the claims based on plaintiff's assignor's nonappearance at the IMEs, had been timely mailed (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123).
In opposition, plaintiff's counsel argued that the IME scheduling letters had been mailed to the wrong address because plaintiff's bills, which were annexed to defendant's moving papers, and the earliest of which was dated October 18, 2011, stated that plaintiff's assignor's address was on Chester Street. In reply, defendant submitted a copy of the NF-2 which was sworn to on July 29, 2011, and the police report from the July 17, 2011 accident. Both the police report and the sworn NF-2 stated that the assignor's address was on Van Siclen Avenue. The Civil Court denied defendant's motion for summary judgment dismissing the complaint, holding that plaintiff's claims forms which were annexed to defendant's moving papers raised an issue of fact as to the mailing of the IME scheduling letters and that defendant could not cure the defect in reply.
While a party moving for summary judgment generally cannot meet its prima facie burden by submitting evidence for the first time in reply, there is an exception to this general rule where, as here, the evidence is submitted in response to allegations raised for the first time in the opposition papers (see Central Mtge. Co. v Jahnsen, 150 AD3d 661 [2017]; Conte v Frelen Assoc., LLC, 51 AD3d 620 [2008]). As a result, the Civil Court erred when it held that the NF-2 and police report annexed to defendant's reply papers could not be considered in support of defendant's motion for summary judgment dismissing the complaint. Those documents established that, at the time the IME letters had been mailed to plaintiff's assignor, the letters had been mailed to the assignor's address as set forth in the sworn NF-2 and the police report, which was the only address known to defendant at that time.
Since defendant demonstrated that plaintiff's assignor had failed to comply with a condition precedent to coverage (see 11 NYCRR 65-1.1; Stephen Fogel Psychological, P.C., 35 AD3d at 722) and that defendant had timely denied (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123) the claim on that ground, the Civil Court should have granted defendant's motion for summary judgment.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019