New York Bus Operators Compensation Trust v Arthur J. Gallagher & Co. (2025 NY Slip Op 04577)

New York Bus Operators Compensation Trust v Arthur J. Gallagher & Co.

2025 NY Slip Op 04577

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2021-06032
 (Index No. 615531/17)

[*1]New York Bus Operators Compensation Trust, appellant, 
v
Arthur J. Gallagher & Co., et al., respondents (and a third-party action).

Barbiero Bisch O'Connor & Commander LLP, Melville, NY (Anthony V. Barbiero of counsel), for appellant.
Thomas Kadian LLC, New York, NY (Samuel J. Thomas of counsel), for respondents Arthur J. Gallagher & Co. and Gallagher Bassett Services, Inc., and nonparties Arthur J. Gallagher & Co. of New York, Inc., and Arthur J. Gallagher Risk Management Services, Inc.
Saiber LLC, New York, NY (Gregory T. Dennison of counsel), for respondent Risk Management Planning Group, Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated July 21, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to amend the complaint to add certain individuals as defendants and new causes of action to recover extracontractual damages under the faithless agent doctrine.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
Background facts relevant to this appeal are set forth in our decision and order on a related appeal (see New York Bus Operators Compensation Trust v American Home Assurance Co., ___ AD3d ___ [decided herewith]). In August 2017, the plaintiff, New York Bus Operators Compensation Trust (hereinafter NYBOCT), commenced this action against the defendant Arthur J. Gallagher & Co. (hereinafter Arthur Gallagher), which served as NYBOCT's insurance broker and administrator, the defendant Risk Management Planning Group, Inc. (hereinafter RMPG), which served as NYBOCT's third-party administrator from January 1, 2007, to December 31, 2010, and the defendant Gallagher Bassett Services, Inc. (hereinafter GBS), which served as NYBOCT's third-party administrator from January 1, 2011, to December 31, 2015. The complaint asserted, inter alia, causes of action alleging breach of contract, breach of fiduciary duty, and fraud. The gravamen of the complaint was that the defendants breached their obligations to NYBOCT by mishandling an underlying workers' compensation claim, which caused the excess policy insurer, American Home Assurance Co., to deny excess coverage for the underlying workers' compensation claim and NYBOCT to incur substantial damages. In orders dated April 24, 2018, and September 12, 2018, the Supreme Court, respectively, among other things, granted those branches of the separate motions [*2]of RMPG and of Arthur Gallagher and GBS which were pursuant to CPLR 3211(a) to dismiss all causes of action except the breach of contract causes of action.
Thereafter, discovery on the remaining breach of contract causes of action proceeded, including 12 depositions and voluminous production of various documents by the defendants. Fact-based discovery on the breach of contract causes of action was completed on August 23, 2019. In May 2021, NYBOCT moved, inter alia, for leave to amend the complaint to add several individuals as defendants and new causes of action to recover extracontractual damages based on the faithless agent doctrine. The defendants opposed the motion on various grounds, including unreasonable delay in pursuing the proposed amendments and that the proposed amendments were patently devoid of merit. In an order dated July 21, 2021, the Supreme Court, among other things, denied those branches of NYBOCT's motion. NYBOCT appeals.
"Motions pursuant to CPLR 3025(b) for leave to amend a pleading are addressed to the sound discretion of the court" (Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 199 AD3d 777, 779). "Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit. A court must not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (TD Bank, N.A. v Keenan, 221 AD3d 1040, 1041 [citation omitted]; see Hong Qin Jiang v Li Wan Wu, 179 AD3d 1041, 1042). However, "when . . . leave is sought on the eve of trial, judicial discretion should be exercised sparingly" (Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828). "'In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered'" (Yong Soon Oh v Hua Jin, 124 AD3d 639, 640, quoting Cohen v Ho, 38 AD3d 705, 706; see Haller v Lopane, 305 AD2d 370, 371). "'[T]he burden of establishing prejudice is on the party opposing the amendment'" (Burger v Village of Sloatsburg, 216 AD3d 730, 732, quoting R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685, 687; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; Gomez v Principe, 186 AD3d 466). Prejudice to the opposing party may be demonstrated where that party is hindered in its preparation of its case, where there is significant expansion of the claims, or where the amendment is sought after the parties have completed discovery (see Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18).
Here, in light of the extended delay in moving for leave to amend the complaint, the lack of a reasonable excuse for the delay, the demonstrated prejudice the defendants would suffer if the proposed amendments were permitted, and the defendants' demonstration that the proposed amendments were patently devoid of merit, the Supreme Court did not improvidently exercise its discretion in denying those branches of NYBOCT's motion which were for leave to amend the complaint to add the proposed individual defendants and new causes of action to recover extracontractual damages based on the faithless agent doctrine (see Shucht v Innovative Biodefense, Inc., 217 AD3d 703; Migdal v MNT Props., LLC, 206 AD3d 903; Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1015; Warshefskie v New York City Hous. Auth., 120 AD3d 1344; Napoli v Canada Dry Bottling Co. of N.Y., 166 AD2d 696).
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court